IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CLARENCE LAMAR LOVETT**                                                  **PETITIONER**

**V.**                                **CIVIL ACTION NO. 5:19CV33 DCB-LRA**

**PELICIA HALL**                                                                 **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Clarence Lovett seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition as procedurally barred with prejudice as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Alternatively, Respondent argues the petition should be dismissed without prejudice for failure to exhaust. Having reviewed the record and all applicable law, the undersigned recommends that the petition be dismissed with prejudice.

Lovett entered a guilty plea to two counts of sexual battery in the Circuit Court of Pike County, Mississippi in March 2016. He was in his 40's at the time of the offenses, and DNA evidence established that he had impregnated a minor. He was sentenced to serve consecutive terms of 25 years on each count in the custody of the Mississippi Department of Corrections ("MDOC"). On September 21, 2016, Lovett filed a motion for post-conviction relief alleging his counsel had provided constitutionally ineffective assistance in contravention of *Strickland v. Washington*, 466 U.S.668, 687 (1984), because he failed to file a discovery motion. He also claimed that counsel "forced" him to plead guilty by advising him that it was his "best option" and that he would get "one

hundred years if [he] didn't sign the plea."[1] Finding no *Strickland* violation, the Pike County Circuit Court dismissed the motion with prejudice.

The Mississippi Court of Appeals affirmed the circuit court's dismissal in *Lovett v. State*, 270 So. 3d 133 (Miss. Ct. App. 2018), *cert. dismissed,* 260 So. 3d 800 (Miss. 2019), as follows:

> As to Lovett's claim regarding the motion for discovery, the circuit court observed in its order dismissing Lovett's PCR motion:
>
>> [T]he Fourteenth Judicial District has an open discovery rule, so his attorney's failure to Move for Discovery only demonstrates his attorney's expertise with Fourteenth District practice. It would not be wrong for an attorney to file a Motion for Discovery in the Fourteenth District, but it is wholly unnecessary, and is the exception, rather than the rule.
>
> Furthermore, Lovett does not identify any particular evidence his attorney would have discovered if he had filed the motion, nor does Lovett explain how the failure to file a motion for discovery affected his defense in any other way. Consequently, he fails the second Strickland prong, which requires that Lovett show that the alleged error affected the outcome of his case.
> . . .
>
> As to Lovett's contention that he was "forced" into the plea by his attorney, his PCR motion just alleged the attorney told him pleading guilty without an agreed recommendation would be "[his] best option" and he "would get one hundred years" if he did not plead guilty. First of all, this claim is only supported by Lovett's own affidavit, without any attempt to show good cause as to why it could not be fully substantiated. A claim of ineffective assistance of counsel supported only by the movant's own affidavit fails to meet the pleading requirements of the PCR statute. *See Vitela v. State*, 183 So. 3d 104, 108 (Miss. Ct. App. 2015).
>
> Otherwise, Lovett still fails to articulate a colorable claim of ineffective assistance of counsel in this aspect—the fact that his attorney

---

[1] In subsequent fillings, Lovett would also attribute the 100-year comment to his initial court-appointed counsel as well.  See ECF No. 10-4, p. 11; ECF No. 11, p. 13.

>thought pleading guilty was Lovett's best shot at leniency can hardly be called ineffective assistance given the nature of the offenses and the strength of the evidence proffered by the State. Moreover, the transcript reflects that Lovett admitted under oath no one "threatened, abused, or promised [him] anything to cause [him] to plead guilty" and he was "satisfied the State can prove beyond a reasonable doubt that [he is] guilty of the crimes to which [he is] pleading guilty."
>
>In his brief on appeal, Lovett makes additional factual assertions and raises additional issues, but they were not presented in his motion for post-conviction relief and are barred as a result. *Gardner v. State*, 531 So. 2d 805, 808–09 (Miss. 1988).

*Id.* at 135-36. The Mississippi Court of Appeals denied Lovett's petition for rehearing on October 23, 2018. Lovett's petition for writ of certiorari was stamped as "filed" on November 14, 2018. The Mississippi Supreme Court dismissed the petition as untimely because it was not filed within the 14 days prescribed by Miss R. App. P. 17(b).

Lovett now brings the instant petition and raises as his sole ground for relief, a variation of the ineffective assistance of counsel claim raised on post-conviction review. Specifically, Lovett asserts that:

>Petitioner was tricked into a Blind Guilty Plea by ineffective counsel who promised two 10-year sentences if Lovett followed the Attorney's instructions. [2]

In his supporting memorandum, he further states:

>In the instance case I, Petitioner Clarence Lovett, at first had an appointed lawyer who told me that if I went to trial, I would get at 100 year sentence. That is when my family decided to hire a paid attorney, who is the one who told me that he had talked to the Judge, and the Judge told him (the paid-lawyer) I would get 10 years on each count if I took a blind plea.[3]

---

[2] ECF No. 1, p. 5.

[3] ECF No. 2, p. 6.

3

This variation was not raised in his motion for post-conviction relief in Pike County Circuit Court, and was dismissed by the Mississippi Court of Appeals as procedurally barred because Lovett failed to raise it in the lower court. *Lovett*, 270 So.3d at 136. Notwithstanding the failure to raise this argument in his post-conviction application, Lovett seeks to raise it here.[4]

Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[5] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires

---

[4] Lovett does not raise the issue regarding failure to request discovery.

[5] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(i) there is an absence of available State corrective process; or
> >    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> > . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4

submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 450 U.S. 1056 (1983). A habeas petitioner who has failed to exhaust all his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

In the present case, Lovett failed to timely petition the Mississippi Supreme Court for a writ of certiorari. To fully exhaust, he was required to file his petition for certiorari within 14 days after his motion for rehearing was denied, or no later than November 6, 2018. *See* Miss R. App. P. 17(b). By failing to do so, he failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O' Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Likewise, his failure to raise the ineffective assistance of counsel argument in ground one in the circuit court precludes it from habeas review.

A dismissal of the instant petition without prejudice to allow Petitioner to return to the state courts to complete the review process would be futile, as the time period for filing a petition for writ of certiorari has long lapsed, and a second post-conviction motion raising the arguments in ground one would likely be dismissed as a successive writ. "When a prisoner fails to present a given set of claims to the state courts, and those courts would find that the claims were untimely or otherwise procedurally barred, the claims are procedurally defaulted, and federal courts cannot review them unless the petitioner shows cause for the default and prejudice stemming therefrom." *Coleman v. Goodwin*, 833 F.3d 537, 540 (5th Cir. 2016) (citing *Coleman v. Thompson,* 501 U.S. 722,

735, n.1. (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . [then] there is a procedural default for purposes of federal habeas . . . ."). But to establish cause, there must be something external to the petitioner, something that cannot fairly be attributed to him. *Coleman*, 501 U.S. at 753.

As cause here, Lovett claims that his certiorari petition was untimely because the facility where he was housed—East Mississippi Correctional Facility ("EMCF")—was on lockdown at the time. He alleges that he gave his certiorari petition to officials on October 28, 2018, but it was not mailed until November 7, 2018, due to the lockdown. By dismissing his petition as untimely, Lovett claims the Mississippi Supreme Court "refus[ed] to honor and give full-faith-and-credit to its own "mailbox rule,"[6] which deems an inmate's post-conviction motion, and the appeals stemming therefrom,[7] as filed when delivered to prison authorities for mailing. *Sykes v. State*, 757 So.2d 997, 1000-1 (Miss. 2000); *Gaston v. State*, 817 So.2d 613, 616 (Miss. Ct. App. 2002). Although Lovett's certificate of service is signed October 28, 2018,[8] Mississippi courts have long rejected an inmate's certificate of service as reliable evidence of the mailing date. Such

---

[6] ECF No. 1, p. 5.

[7] Although applicable to an inmate's initial post-convictions pleadings under the state post-conviction collateral relief act, Miss. Code Ann. § 99–39–1 *et seq.*, the Mississippi Supreme Court has yet to extend the prison mailbox rule to motions for rehearing or certiorari. *See Sykes,* 757 So.2d 997, 1000–01; *Gaston v. State*, 817 So. 2d 613, 615 (Miss. Ct. App. 2002).

[8] ECF No. 10-5.

proof must be in the form of a "prison mail log of legal mail, or some similarly reliable documentation." *Scruggs v. State*, 102 So.3d 1172, 1176 (Miss. Ct. App. 2012) (quoting *Jewell v. State*, 946 So.2d 810, 813 (Miss. App., 2006)); *Sykes*, 757 So.2d at 1000-1. *See also Causey v. Cain*, 450 F.3d 601, 606–07 (5th Cir. 2006) (holding application of the "mailbox rule" to state court filings is a matter of state law which the federal courts will respect).

In the instant case, both parties have submitted Lovett's MDOC mail log, which shows no outgoing mail between August 17, 2018 and November 6, 2018—the date of his certiorari deadline. Relevant here, the only outgoing mail for delivery to the Mississippi Supreme Court after the motion for rehearing was denied is logged on November 7, 2018—one day after the deadline expired.

As for Lovett's claim that the lockdown impeded his ability to deliver his petition to prison officials, Respondent has submitted an affidavit from Marie Grady, the Executive Assistant at EMCF. Grady concedes that the facility was on lockdown from October 22, 2018 through November 11, 2018, but avers that "if an inmate notifies [the Inmate Legal Assistance Program] ILAP that he has a deadline during a lockdown, then ILAP officials would come to an inmate's cell during a lockdown to collect documents for mailing."[9] Lovett does not dispute this assertion, but maintains that his certiorari petition was delivered to ILAP officials on October 28, 2018, and through no fault of his

---

[9] ECF No. 9-10.

own, was not mailed by officials until November 7, 2018.[10] Even accepting the mail-delay allegations as true, Lovett has not requested this Court hold his petition in abeyance pending exhaustion in state court, and nothing of record indicates that has he has sought leave to file a motion for an out-of-time petition in state court. Further, as Respondent notes: "The fact that Lovett was able to mail his petition for certiorari review to the Mississippi Supreme Court on November 7, 2018, during the lockdown at EMCF through November 11, 2018, refutes his allegation the lockdown somehow caused his untimely submission of his pleading to the Mississippi Supreme Court."[11]

Additionally, he offers no explanation for failing to raise the factual assertions in ground one in the lower court. As noted, any attempt to file a second motion for post-conviction collateral relief would be dismissed as successive pursuant to Miss. Code Ann. § 99-39-23 (6) (Supp. 2010).[12] The Fifth Circuit has long considered Mississippi's successive-petition rule to be an independent and adequate state procedural bar precluding federal review. *Martin v. Maxey*, 98 F.3d 844 (5th Cir. 1996); *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir.1998); *Chancellor v. State of Mississippi*, 129 F. Appx'. 878 (5th Cir. 2005). Lovett has not shown cause for his procedural default nor prejudice arising from its application.

---

[10] ECF No. 21.

[11] ECF No. 9, p. 9.

[12] That statute provides in pertinent part that an order "dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Supp. 2010).

Further, he has not shown that failure to consider his claims will result in a "fundamental miscarriage of justice." A miscarriage of justice requires him to show, as a factual matter, that he did not commit these crimes, by presenting new, reliable evidence. *Fairman v. Anderson*, 188 F.3d 645, 644 (5th Cir.1999); *see also Callins v. Johnson,* 89 F.3d 210, 213–214 (5th Cir.1996) ("This miscarriage of justice exception is concerned with actual as compared with legal innocence[.]") (citations and quotations omitted). Lovett pled guilty to committing the crimes of his conviction, and although he challenges the voluntariness of his guilty plea, he presents no evidence to counter the DNA evidence that he fathered the minor victim's child. *See Bagwell v. Dretke*, 372 F.3d 748, 757 (5th Cir. 2004) (finding no miscarriage of justice where "no colorable showing of factual innocence" had been made).[13]

For the reasons stated, the undersigned recommends that the Respondent's Motion to Dismiss be granted and the instant petition be dismissed with prejudice under the procedural default doctrine. Because the undersigned so recommends, Respondent's alternative request to dismiss the petition, without prejudice, need not be addressed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written

---

[13] Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED on August 7, 2020.

s/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE