**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**WESTERN DIVISION**

CLARENCE LAMAR LOVETT                                    PETITIONER

v.                            CIVIL ACTION NO. 5:19-cv-33-DCB-LRA

PELICIA HALL                                            RESPONDENT

<u>ORDER</u>

This matter is before the Court on Respondent Pelicia Hall's Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 9], and Magistrate Judge Linda R. Anderson's Report and Recommendation. [ECF No. 22]. On August 28, 2020, Petitioner Clarence Lovett ("Lovett") filed his objections to the Report. [ECF No. 23]. Having reviewed the Respondent's Motion to Dismiss, the Report and Recommendation, the objections, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds as follows:

<u>Background</u>

Petitioner Lovett filed his <u>pro se</u> civil action pursuant to 42 U.S.C. § 1983 alleging ineffective assistance of counsel.

Respondent moves to dismiss Lovett's habeas corpus petition with prejudice, claiming it is procedurally barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); or, in the alternative, dismiss without prejudice for failure to exhaust. [ECF No. 9].

Lovett raises, as his sole ground for relief, a variation of the ineffective assistance of counsel claim that was not raised in his Motion for Post-Conviction Relief in Pike County Circuit Court. [Exhibit E].

## Discussion

Title 28 U.S.C. § 2254 requires petitioners seeking federal habeas relief to exhaust all claims in state court prior to requesting federal collateral relief. Parr v. Quarterman, 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement, the Petitioner "must have presented the substance of his claim to state courts." See Smith Dretke, 422 F. 3d 269, 276 (5th Cir. 205). A habeas petitioner who has failed to exhaust all his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). Lovett's failure to raise the current variation of ineffective assistance of counsel argument in state court precludes him from habeas review.

Lovett failed to timely petition the Mississippi Supreme Court for a writ of certiorari within fourteen (14) days after his motion for rehearing was denied. "When a prisoner fails to present a given set of claims to the state courts, and those courts would find that the claims were untimely or otherwise procedurally barred, the claims are procedurally defaulted, and federal courts

cannot review them unless the petitioner shows cause for the default and prejudice stemming therefrom." Coleman v. Goodwin, 833 F.3d 537, 540 (5th Cir. 2016) (citing Coleman v. Thompson, 501 U.S. 722, 735, n.1. (1991)). To establish cause, there must be something external that cannot fairly be attributed to the Petitioner. Coleman, 501 U.S. at 753. Petitioner contends that his certiorari petition was not timely filed because the facility where he was housed – East Mississippi Correctional Facility ("EMCF")— was on lockdown and through no fault of his own his petition was not mailed until November 7, 2018. [ECF No. 9]. Marie Grady, Executive Assistant at EMCF, confirmed that the facility was on lockdown during October 22, 2018 through November 11, 2018. [Exhibit J]. During a lockdown, Inmate Legal Assistance Program ("ILAP") officials continue to collect documents for mailing. [ECF Nos. 9-10, Exhibit J]. Respondent notes: "The fact that Lovett was able to mail his petition for certiorari review to the Mississippi Supreme Court on November 7, 2018 during the lockdown at EMCF through November 11, 2018, refutes his allegation [that] the lockdown somehow caused his untimely submission of his pleading to the Mississippi Supreme Court." [ECF No. 9].

Magistrate Judge Anderson has carefully reviewed Respondent's Motion to Dismiss and has found that the instant petition be dismissed with prejudice due to procedural default. Respondent's alternative request to dismiss the petition without prejudice for

failure to exhaust is therefore MOOT. Petitioner Lovett has filed his objections to the Magistrate Judge's findings.

Objections

Where a party objects to a report and recommendation, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). A de novo review means this court will make an independent assessment of the law after reviewing the entire record. "Parties filing objections must specifically identify those findings objected to. Lambert v. Denmark, No. 2:12-cv-74-KS-MTP, 2013 WL 786356, at *1 (S.D. Miss. Mar. 1, 2013). "Frivolous, conclusive or general objections need not be considered by the district court." Allen v. Outlaw, No. 5:14-cv-60-DCB-MTP, 2015 WL 4759268, at * 2 (S.D. Miss. Aug. 12, 2015). Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018).

In his objections to the Report and Recommendation, the Plaintiff did not specifically object to the legal conclusions or the recommendation of the Magistrate Judge. Lovett merely reasserts his claims of ineffective assistance of counsel. After

4

a de novo review of Magistrate Judge Anderson's Report and Recommendation, and a review of the Plaintiff's objections, the Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

Accordingly, the Court finds that the Petition for Writ of Habeas should be DISMISSED with prejudice for failure to exhaust state administrative remedies.

IT IS HEREBY ORDERED that Magistrate Judge Anderson's Report and Recommendation [ECF No. 22] is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that the Petitioner's objections [ECF No. 23] are OVERRULED.

SO ORDERED this the 16th day of September, 2020.


\S\ David Bramlette_____
UNITED STATES DISTRICT JUDGE